UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SQUARE, INC., et al.    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| vs.    ) | Case No. 4:10cv2243 SNLJ |
| ) | |
| REM HOLDINGS 3, LLC,    ) | |
| ) | |
| Defendant.    ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Consolidate this case with Case No. 4:14-cv-172 CDP (#126).  This case, No. 4:10-cv-2243 SNLJ, involves three patents: U.S. Patent No. 7,810,729 ("the '729 patent"), U.S. Patent No. 7,896,248 ("the '248 patent"), and U.S. Patent No. 7,918,394 ("the '394 patent").  Plaintiff Square, Inc. seeks to correct inventorship on the patents by adding plaintiff James McKelvey as an inventor.  Defendant REM Holdings 3, LLC counterclaimed for "Declaratory Judgment for Patent Inventorship" of the three patents.

This case, filed in 2010, has been stayed pending reexamination of the three patents by the United States Patent and Trademark Office ("PTO").  According to the Status Report filed May 1, 2014 (#134), the PTO canceled all the claims of the '394 Patent, rejected as invalid all the claims fo the '729 Patent, and rejected as invalid all the claims of the '248 Patent.  REM has pending appeals and/or rehearing requests for the latter two patents.

Meanwhile, on January 30, 2014, the defendant in this case, REM, and its creator Robert E. Morley, Jr., filed a lawsuit in this Court against the plaintiffs in this case (Square and McKelvey) and also Jack Dorsey. *Robert E. Morley, Jr. and REM Holdings 3, LLC vs. Square, Inc., Jack Dorsey and James McKelvey, Jr.*, No. 4:14-CV-172 CDP (the "2014 Action"). According to REM, the claims of the 2014 Action include state law claims generally related to how two co-founders of Square (Dorsey and McKelvey) cut the third co-founder (Morley) out of the business after receiving and realizing all the benefits of Morley's contributions. The 2014 Action also includes a count of patent infringement related to a fourth Patent (the "'946 Patent"). Square and McKelvey say that the actions are sufficiently related such that they should be consolidated pursuant to Federal Rule of Civil Procedure 42.

Federal Rule of Civil Procedure 42(a) states that "If actions before the court involve a common question of law or fact, the court may...consolidate the actions." Plaintiffs move for consolidation here because, they argue, (1) the cases involve overlapping parties (all the parties in this case are parties in the 2014 Action), (2) the two actions share common issues of law and fact, and (3) failure to consolidate would impose unnecessary cost, delay, and risk of inconsistent rulings.

REM opposes consolidation.[1] As indicated above, this action has been stayed pending resolution of the PTO reexamination. REM states that "if the claims in this case

---

[1] For simplicity's sake, the Court will refer to the parties on the "Square" side and the "REM" side as simply "Square" and "REM" rather than listing all the names of the companies and individuals.

are to remain stayed, then the claims of the [2014 Action] can and should proceed under Chief Judge Perry while the claims in this case remain stayed here." The Rules are clear that "consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party."

*E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

There is no doubt that these two actions arise from the same general disagreement pertaining to the development of and business surrounding Square's mobile-phone-linked credit card reader. REM appears to base its concern on the fact that, if consolidated with this action, the state-law claims in the 2014 action would be brought to a standstill. Square asserts, however, that it "will not be seeking to stay any of the non-patent-related claims in the new complaint." It does not appear that the patent-related claims need to be resolved in order to proceed with the non-patent claims. As a result, it appears that REM's concern is unfounded — upon consolidation, although the patent-related claims will remain stayed in this Action, the Court will proceed with adjudication of the other claims. (*See* #127 at 14 & n.6.)

Given the overlapping parties, facts, and law, it appears that the interests of efficiency and convenience would be served by consolidating the two actions. Although REM would be correct that it would be unfairly prejudiced if its state law claims were not allowed to proceed, and that such unfairness would cut against consolidation, Square has assured the Court that it will not seek to delay adjudication of those claims.[2]

---

[2]REM appears to request that the two cases, if consolidated, be merged into the 2014 Action such that Judge Perry will preside over the case. This Court declines to depart from the

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Consolidate (#126) is **GRANTED**.

**IT IS FURTHER ORDERED** that Case No. 4:14-cv-172 CDP shall be consolidated with this case, No. 4:10-cv-2243 SNLJ.

**IT IS FINALLY ORDERED** that although Case No. 4:10-cv-2243 is presently stayed, such stay does not apply to the claims brought in Case No. 4:14-cv-172.

Dated this ___16th___ day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

Local Rules, which require that the consolidated cases be reassigned to the judge presiding in the lowest-numbered case. E.D. Mo. L.R. 4.03.