UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. MORLEY, JR., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:14cv172 |
| ) | Case No. 4:10cv2243 SNLJ |
| ) | CONSOLIDATED |
| SQUARE, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| and | |
| ) | |
| SQUARE, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| REM HOLDINGS 3, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Robert Morley ("Morley") and his company REM Holdings 3, LLC ("REM") (collectively, "Morley") brought this action against defendant Square, Inc. and its founders, defendants Jack Dorsey and James McKelvey (collectively, the "Square Defendants"). Two of the Square Defendants had previously brought a related action against Morley and REM in this Court, Case No. 4:10-cv-2243. The two matters were consolidated. Currently pending is the Square Defendants' motion to dismiss seven

1

counts of Morley's twelve-count complaint. The matter has been fully briefed and is ready for disposition.

**I.     Background**

According to the complaint, Morley and McKelvey had been friends for many years when McKelvey approached Morley about joining McKelvey's joint venture with Dorsey. In February 2009, McKelvey proposed the business of processing credit card transactions with a smartphone. Morley, an entrepreneur with experience in the credit card industry and card-reading technology, conceived of and devised a prototype card reader. He also agreed to be part of the joint venture with McKelvey and Dorsey. Morley alleges that, in addition to inventing what would become the "Square" card reader (used with a "Square app" on smartphones at many businesses), he directed the enterprise using his entrepreneurial and engineering experiences and provided business advice regarding the business plan, fraud and chargebacks, the transaction rate (in order to compete with traditional credit card readers), and marketing. Morley also identified, recruited, and supervised Sam Wen, who programmed the decoding algorithms of the Square app under Morley's direction.

Morley was not compensated for his efforts toward the joint venture, and he incurred unreimbursed expenses while participating in the joint venture. Plaintiff alleges that Dorsey personally incorporated a new company, which became Square, Inc., and wrongfully excluded Morley from ownership in and control of the company. Morley also alleges that McKelvey and Dorsey directed all revenues and assets attributable to the joint venture into the new company and used those resources to file a lawsuit against Morley

claiming that McKelvey was a co-inventor of Morley's patents. Although Morley alleges he was gifted some shares of Square stock by Dorsey, he states he was excluded from "receiving his [one-third] share as co-founder." (#1 at ¶¶ 64, 81.) Morley alleges that Square, Inc. is now worth $5 billion.

Morley brought the following 12 counts against the Square Defendants: (1) breach of joint venture agreement, (2) breach of fiduciary duty, (3) unjust enrichment, (4) patent infringement, (5) constructive trust, (6) civil conspiracy, (7) negligent misrepresentation, (8) fraud, (9) fraudulent nondisclosure, (10) correction of inventorship, (11) conversion, and (12) misappropriation of trade secrets. Defendants now seek to dismiss counts 1-3, 5-7, and 11 as barred by the statute of limitations.

## II. Legal Standard

Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). With these principles in mind, the Court turns to the discussion.

## III. Discussion

The defendants concede that the Missouri statute of limitations for each of the seven counts at issue is five years. They insist, however, that Delaware or California's shorter statute of limitations should be applied because Missouri's "borrowing statute" states that "Whenever a cause of action has been fully barred by the laws of the state…in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." § 516.190 RSMo. In particular, defendants state that Delaware's three-year statutes of limitations bar plaintiffs' claims in Counts 1-3, 5-7, and 11 because those claims "originated" in Delaware. Defendants say plaintiffs' claims originated in Delaware because the claims hinge on the incorporation of Square, Inc., which took place in Delaware in June 2009. Plaintiffs filed this action in January 2014, after the Delaware three-year statute of limitations period expired, so defendants state they are entitled to dismissal of those barred claims. Plaintiffs respond that their claims "originated" in Missouri, so only the Missouri 5-year statute of limitations applies.

As the Eighth Circuit has opined, the "critical issue" in applying the borrowing statute "is determining where a cause of action originated." *Great Plains Trust Co. v. Union Pac. R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) (internal quotations to *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995) omitted). "Under the statute, 'originated' means 'accrued.'" *Great Plains*, 492 F.3d at 992 (citing *Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. 1992). A cause of action accrues when and where the damages are capable of ascertainment. *Id.* "[D]amages are 'sustained and capable of ascertainment' when the fact of damage can be discovered or made known." *Jordan v.*

4

*Willens*, 937 S.W.2d 291, 294 (Mo. App. W.D. 1996), quoted in *Great Plains*, 492 F.3d at 992. "[F]or cases involving a purely economic injury, as opposed to a physical accident with economic consequences, a cause of action originates where the plaintiff is financially damaged." *Great Plains*, 492 F.3d at 993.

No one suggests that plaintiff's injury is anything but economic. Furthermore, it appears that even defendants concede that plaintiff resides and does business in Missouri and Missouri alone. Although the complaint is not specific about locations, it does state explicitly that Morley lives in Missouri and that his company REM's principal place of business is in Missouri. (#1 at ¶¶ 1-2.) It also states that McKelvey proposed ideas to Morley at Morley's home. (*Id.* ¶ 26.) In terms of injuries, plaintiffs plead that Morley was harmed by, "for example, being excluded from ownership in and control of the business, being deprived of just compensation for the benefits he conferred to the business, and having to defend himself against McKelvey's and Square, Inc.'s" lawsuit regarding the Square-related patents. (*Id.* ¶ 66.) Plaintiffs do not include dates for many of the events in the complaint, nor do they state when exactly they began suffering damages.[1] Defendants argue that plaintiffs' claims accrued in Delaware because Square was incorporated there, but it is clear that Morley and his company suffered their economic injuries in Missouri --- not Delaware or California. The Eighth Circuit has been explicit

---

[1] The Court notes that plaintiff Morley filed a declaration in support of his opposition to the Motion to Dismiss. The Court need not and did not consider the declaration, but instead relied only on the allegations in the complaint and some materials that are part of the public record, such as the incorporation records at issue here. *See, e.g.*, *Little Gem Life Sciences, LLC v. Orphan Med., Inc.*, 537 F.3d 913, 916 (8th Cir. 2008).

that where only economic injuries are alleged, the claim originates where plaintiff was financially damaged. *Great Plains*, 492 F.3d at 993.

Defendants rely on cases that apply the "capable of ascertainment" rule to damages to suggest damages are incurred at the place where the complained-of act occurred. For example, they rely on *Ferrellgas, Inc. v. Edward A. Smith, P.C.*, 190 S.W.3d 615, 621 (Mo. App. W.D. 2006), a legal malpractice action in which the court found that the action accrued where the underlying unfavorable jury verdict was rendered. The court there reasoned that because "[a] courtroom verdict becomes a matter of public record, [and] is immediately 'capable of ascertainment'," the plaintiffs' legal malpractice claims (triggered by that verdict) accrued at the place of the jury verdict. *Id.* They also rely on *Combs v. International Insurance Company*, 354 F.3d 568, 584 (6th Cir. 2004). That court --- which discusses Missouri cases among others --- determined that a claim for breach of contract accrued at the time and place the breaching act occurred. *Id.* Further, this Court in *Myers v. Life Ins. Co. of N. Am.*, No. 4:05-CV- 355 SNL, 2005 WL 3555833, *2 (E.D. Mo. Dec. 28, 2005), focused on the location of where the complained-of torts (negligent misrepresentation and breach of fiduciary duty) were committed: "acts [were] committed by defendant…from its principal place of business in Illinois." Defendants here argue that because they committed the allegedly breaching/tortious act of incorporating Square, Inc. in Delaware, plaintiffs' damages were capable of ascertainment in Delaware on the date of incorporation.[2]

---

[2] Defendants also suggest that the claims might have accrued in California, where the business was being operated. The Court does not discuss that argument in detail because it fails for the same reason the Delaware-accrual argument fails.

More recently, however, the Eighth Circuit stated that for "cases involving a purely economic injury," such as this one, "a cause of action originates where the plaintiff is financially damaged." *Great Plains*, 492 F.3d at 993; *see also Rajala v. Donnelly Meiners Jordan Kline, P.C.*, 193 F.3d 925, 928 (8th Cir. 1999) (holding that misrepresentation and breach of contract claims against accounting firm accrued where the plaintiff company "felt the cash flow crunch" caused by the accountant's wrongdoing); *Kansas City Star Co. v. Gunn*, 627 S.W.2d 332, 334 (Mo. App. W.D. 1982) (holding that although all the acts alleged "to constitute an intentional tort were performed in Missouri…[the plaintiff] sustained all of his damage in Kansas where he lived and conducted his business and where his route and customers were situated."). That rule requires the conclusion that these plaintiffs' claims accrued in Missouri --- where plaintiff Morley lives and works and where his company, plaintiff REM, is organized and has its principal place of business.

It is also relevant that the incorporation of Square, Inc. is not the only "breach" alleged to have caused Morley and REM's damages --- plaintiffs also complain about the initiation of the 2010 lawsuit against them (Case No. 4:10cv2243), the failure of defendants to compensate Morley for his out of pocket expenses, and the general failure of the defendants to include him in the control of the business. So Square's incorporation is not the sole focus of plaintiffs' complaint. In addition, the mere fact that defendants McKelvey and Dorsey incorporated Square, Inc. without Morley did not necessarily require that they would go forward without Morley as a business partner --- Square's corporate structure was not irreversible.

Finally, the nature of modern incorporation records is that one need not be in a state to either incorporate or view records of a company's incorporation. *See* Delaware Entity Search, https://delecorp.delaware.gov/tin/GINameSearch.jsp (last visited Oct. 10, 2014); *see also* How To Form A New Business Entity, http://corp.delaware.gov/howtoform.shtml (last visited Oct. 10, 2014). The record of Square's incorporation is capable of ascertainment anywhere one can find a connection to the internet. That does not diminish the importance of the fact that plaintiffs' damages were capable of ascertainment in Missouri, but, because the defendants rest much of their argument on the single act of Square's incorporation in Delaware, it is a fact that bears consideration.

## IV. Conclusion

The motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss (#30 in Case No. 4:14cv172) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to File Surreply (#35 in Case No. 4:14cv172) is **DENIED** as moot.

Dated this   16th   day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE