UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ROBERT E. MORLEY, JR., et al.** )<br>)<br>     **Plaintiffs,**           )<br>)<br>vs.                                      )<br>                                             )<br>                                             )<br>                                             )<br>**SQUARE, INC., et al.,**         )<br>                                             )<br>     **Defendants.**         )<br><br>and<br>                                             )<br>**SQUARE, INC., et al.**          )<br>                                             )<br>     **Plaintiffs,**           )<br>                                             )<br>vs.                                      )<br>                                             )<br>**REM HOLDINGS 3, LLC,**    )<br>                                             )<br>     **Defendant.**            ) | Case No. 4:14cv172<br>Case No. 4:10cv2243 SNLJ<br>CONSOLIDATED |

## MEMORANDUM AND ORDER

Plaintiff Robert Morley ("Morley") and his company REM Holdings 3, LLC ("REM") (collectively, "Morley") brought this action against defendant Square, Inc. and its founders, defendants Jack Dorsey and James McKelvey (collectively, the "Square"). Two of the Square defendants had previously brought a related action against Morley and REM in this Court, Case No. 4:10-cv-2243.   The two matters, which contain a variety of

1

patent-related and other claims, were consolidated. This Court stayed the patent-related claims in the 4:10-cv-2243 action (#105). The Square defendants have now filed a motion to stay the patent-related claims in the 4:14-cv-172 action.

The same three-factor analysis applies as applied in the other action (*see id.*). When determining whether to stay a case pending patent reexamination, this Court considers (1) whether discovery is complete and trial date has been set, (2) whether a stay will simplify the issues and facilitate trial, and (3) whether a stay would unduly prejudice the non-moving party or present a clear tactical disadvantage for that party. *Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.*, No. 4:05CV2094 CDP, 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006). The Square defendants suggest that each of these factors favor an order staying the patent claims in this case. This Court again agrees.

First, the patent reexamination process is well underway, and this matter is still in its early stages. Discovery has just begun, and no trial has been set. Second, a stay will simplify the issues as to the patent-related claims just as was true with the stay in Case No. 4:10-cv-2243. The patent at issue includes seventeen claims and is in the same patent family as all three of the now-invalidated patents that were/are at issue in the Case No. 4:10-cv-2243. Should any of those seventeen claims not survive the reexamination process, in the absence of a stay, the parties will have wasted time, effort, and expense on infringement contentions, counter-infringement contentions, invalidity contentions, and claim construction. Although REM contends that discovery disputes will be amplified, the Court trusts that the parties will proceed in the spirit of cooperation promised during briefing of whether to consolidate these matters. (*See, e.g.*, Square Reply in Support of

Motion to Consolidate, Case No. 4:10cv2243, #135 at 12; Square Reply in Support of Motion to Stay, Case No.14cv172, #54 at 9.)

Finally, although Dr. Morley is understandably frustrated with the time and expense he has spent on litigation surrounding these patents, the parties appear to agree that the time necessary for this reexamination will not be so long as was required for the patents in the earlier lawsuit --- a decision is expected in July 2015.

The Court thus concludes that the three patent-related claims in this matter should be stayed pending resolution of the reexamination process before the Patent and Trademark Office.

Accordingly,

IT IS HEREBY ORDERED that defendant Square's motion to stay (#49) is GRANTED.

IT IS FURTHER ORDERED that Counts 4, 10, and 11 are STAYED.

IT IS FINALLY ORDERED that, in light of this Court's consolidation of 4:10cv2243 and 4:14cv172, the parties shall file all documents in case number 4:10cv2243.

Dated this   2nd   day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE